PER CURIAM.
This is an appeal by State Farm Fire and Casualty Company, defendant in the trial court, from a final judgment based on a jury verdict in favor of the plaintiffs, Federico Sainz de la Maza and Carmen de la Maza, his wife, in an action to determine matters of insurance coverage and bad faith.
This action stems from an incident which occurred in 1968. The evidence shows that Federico Sainz de la Maza was accidently shot by one Senen Brito Alfonso on the latter’s premises. In 1969, the de la Mazas filed an action for damages against Brito and against State Farm Fire and Casualty Company, with which Brito was insured under a homeowner’s policy providing $25,-000 coverage. State Farm defended the action on the basis that there was no coverage. The coverage issue was severed and a trial was held on the issue of damages only. The de la Mazas recovered judg *548 ment against the defendants in the amount of $55,000 which is $30,000 in excess of Brito’s policy limits.
In 1972, the de la Mazas instituted an action against State Farm alleging bad faith in failing to settle the prior action within the policy limits. State Farm’s defense was based mainly on lack of cooperation on the part of Brito, its insured, who failed to appear for either trial. The issues of bad faith and coverage were tried together in this action. The jury was given special interrogatories as to both matters, and it returned a verdict in favor of the plaintiffs on the issue of negligence and bad faith and on the issue of alleged lack of cooperation. The court then entered judgment on the jury verdict in favor of the plaintiffs.
On appeal from the judgment, State Farm raises several points as error. The thrust of the appeal is that the trial court improperly excluded evidence as to the issues of coverage and bad faith in that it refused to admit testimony as to telephone calls made by the attorney for State Farm and his secretary to persons in New Jersey who may have known Brito’s whereabouts. These potential witnesses were not called to testify on behalf of the defense. Therefore, the trial court permitted the attorney and his secretary to testify as to what they themselves said, but excluded testimony as to what the potential witnesses said on the phone, as hearsay. State Farm contends that there are matters which would reflect that its efforts to get Brito to appear at the trial were diligent albeit futile. Our review of the record shows that the evidence was properly excluded and that there is substantial competent evidence that Brito did cooperate with State Farm. Accordingly, we find no reversible error on this point.
Another point on which State Farm relies heavily is that the manner in which it proceeded with the case and its failure to settle within the policy limits was based upon its attorney’s legal opinion of no liability. It appears from the record, however, that State Farm’s reliance on advice of counsel was not applicable in that counsel failed to revise his legal opinion when the law relating to the duty owed to a social guest was changed in the decision in the case of Billen v. Hix, Fla.App. 1972, 269 So.2d 284, although we realize the decision was filed only ten days prior to the date of trial in the original action.
We have reviewed the remaining points on appeal and find them to be without merit. Therefore, the judgment herein appealed is affirmed on the authority of Campbell v. Government Employees Insurance Company, Fla.1974, 306 So.2d 525. Also see Rova Farms Resort, Inc. v. Investors Insurance Company of America, 65 N.J. 474, 323 A.2d 495 (1974).
Affirmed.